**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PETER KRUSTEV HADJIEV,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:26-cv-01729

Honorable Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Peter Krustev Hadjiev brings a negligence action against the United States under the Federal Tort Claims Act (FTCA), claiming that the Federal Bureau of Investigation mishandled complaints he had submitted to the agency. Hadjiev alleges that he complained to the FBI about suspected white-collar misconduct over several years, but after reviewing his materials, the agency took no action. [1] ¶¶ 11–14, 17.[1] Hadjiev claims that when he later requested records of the agency's review, its employees told him the documents were missing or incomplete. *Id.* ¶¶ 19–21. Hadjiev then asked the FBI to create records to fill the gaps, but it failed to do so. *Id.* ¶¶ 23–24. Now, Hadjiev sues the government for insufficient recordkeeping.

The government moves to dismiss this Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, stating that Hadjiev fails to allege an underlying tort and therefore has no basis for his FTCA claim. For the following reasons, sovereign immunity remains intact, and the government's motion to dismiss is granted.

### Legal Standard

Rule 12(b)(1) allows for the dismissal of a claim based on lack of subject matter jurisdiction rather than on the merits of the case. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). Rule 12(b)(6), however, tests whether a complaint states a claim upon which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a 12(b)(6) dismissal, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face.

[1] For purposes of reviewing this motion to dismiss, the Court accepts as true, as it must, all factual allegations in the Complaint. *Atlanta Gas Light Co. v. Navigators Ins. Co.*, 164 F.4th 1038, 1046 (7th Cir. 2026).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For both a 12(b)(1) and 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Ctr. for Dermatology & Skin Cancer*, 770 F.3d at 588; *Atlanta Gas Light Co. v. Navigators Ins. Co.*, 164 F.4th 1038, 1046 (7th Cir. 2026). The Court also holds a *pro se* plaintiff to less stringent standards and liberally construes his complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

The government argues that Hadjiev fails to plausibly state a claim under the FTCA because his claim does not satisfy the FTCA's requirement of identifying an underlying state tort. Specifically, it contends that the FBI owes no duty to Hadjiev that can give rise to negligence liability.

### I. FTCA Standard

The FTCA allows individuals to pursue damages from the government for injuries caused by federal employees acting within the scope of their employment. *Martin v. United States*, 605 U.S. 395, 400 (2025). The statute waives sovereign immunity if the federal employees acted in a way that would incur tort liability if conducted by a private person under the laws of the place where the actions occurred. 28 U.S.C. § 1346(b)(1); *Martin*, 605 U.S. at 409–10.

The standard for assessing whether an underlying state tort exists is broad. The FTCA requires the state tort to have "like circumstances" to the alleged federal misconduct as opposed to "identical circumstances." *Belluomini v. United States*, 64 F.3d 299, 303 (7th Cir. 1995); 28 U.S.C. § 2674. In other words, the standard is not a strict one and requires courts to look beyond merely the same circumstances to find analogous ones. *Belluomini*, 64 F.3d at 303. For example, in *Mayorov v. United States*, 84 F. Supp. 3d 678 (N.D. Ill. 2015), the plaintiff sued the federal government for not investigating his citizenship status before prolonging his detention for uncertain immigration status. *Id.* at 683. The district court analogized the allegations to a private security company failing to perform a background check on its employee before assigning him to a client. *Id.* at 698–99. Although not an exact parallel, the state-recognized duty of reasonable investigation for third parties sufficiently supported a plausible duty for the government, which it allegedly breached. *Id.* Although this standard provides flexibility, the FTCA does not create new causes of action and still requires a plaintiff to allege circumstances where private individuals would be liable under state tort law. *Feres v. United States*, 340 U.S. 135, 141 (1950); *cf. Futrell v. United States*, 859 F.3d 403, 404–05 (7th Cir. 2017) (following *Feres* "which despite its age has not been overruled, superseded, recast, or ignored"). Consider *Sebolt v. United States*, 2018 WL 905520 (N.D. Ill. Feb. 15, 2018), *aff'd*, 769 F. App'x 381 (7th Cir. 2019), where the district court found no state analog for a lawfully detained plaintiff claiming false imprisonment because the government confined him in the special housing unit. *Id.* at *1. Although false imprisonment is a

state tort, the plaintiff failed to show that his confinement location, rather than his actual confinement, would incur liability under state law. *Id.* at *3.

## II. Negligent Undertaking Tort

Turning to Hadjiev's allegations with those cases in mind, the question here is whether the FBI's alleged mishandling of documents is like a case subject to liability under state tort law. Because the alleged acts occurred in the District of Columbia, the Court considers whether an underlying tort exists under D.C. law. *See Martin*, 605 U.S. at 409–10 (looking to the "law of the place" under 28 U.S.C. § 1346(b)(1)). Specifically, Hadjiev alleges that the FBI undertook a duty of care for his submissions and, by mishandling his documents, breached that duty of care. The government argues that D.C. law does not recognize an undertaking duty in this context.

In D.C., a plaintiff pleads negligence by showing "(1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach." *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C. 2011). D.C. law recognizes the common law tort of a negligent undertaking, where the defendant is liable for physical harm to the plaintiff's person or property resulting from the defendant's lack of reasonable care in rendering services. *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1097 (D.C. 1994) (citing Rest. (2d) Torts §§ 323, 324A (1965)). The alleged duty depends on the scope of the defendant's undertaking. *Id.* at 1098. An illustrative case is *Haynesworth*, where the plaintiff slipped on a patch of ice and sued the plumbing company whose employee repaired the pipe that caused the leak. 645 A.2d at 1096. The plaintiff claimed the plumbing company owed him a duty of care because it had undertaken the task of repairing the pipe. *Id.* at 1097. However, the appellate court disagreed, explaining that the plumber's only legal obligation was to repair the pipe, and that the property manager had the duty to maintain the building's common areas. *Id.* at 1098–99. Similarly, in *Presley v. Commercial Moving & Rigging, Inc.*, 25 A.3d 873 (D.C. 2011), a construction worker was injured on a project and sued the project's managing company. *Id.* at 877. The plaintiff claimed that the defendant owed a duty of care "by virtue of the services it undertook and performed" under the construction contract. *Id.* at 888. But the defendant contracted only to perform the limited responsibilities of a compliance consultant, not the more extensive ones of a safety engineer, so the trial and appellate courts found no duty based on its undertaking. *Id.* at 888–91.

Here, Hadjiev alleges that the FBI undertook the responsibility of accepting his submissions and creating and maintaining records. He claims that this undertaking created a duty of care to him but fails to demonstrate grounds for inferring such a duty. *Haynesworth* and *Presley* recognize negligent performance of service that results in physical harm. *Haynesworth*, 645 A.2d at 1097; *Presley*, 25 A.3d 888–89. Hadjiev does not claim that the FBI's alleged mismanagement of records caused him physical harm. Instead, he allegedly suffered economic damages, lost professional and educational opportunities, and emotional and psychological

distress. [1] ¶ 33. Further, these cases only demonstrate duties arising out of contract relationships. *Haynesworth*, 645 A.2d at 1099; *Presley*, 25 A.3d at 888–91. They do not describe circumstances like handling documents.

Considering Hadjiev's claim of emotional harm, an undertaking may create a duty to avoid causing emotional distress to a plaintiff. *Hedgepeth*, 22 A.3d at 804. However, "not every existing relationship or undertaking will suffice to create a duty to avoid the negligent infliction of emotional distress." *Id.* at 802. Such a duty depends on the nature of the parties' relationship and the likelihood that negligent performance of a recognized obligation will cause emotional distress. *Id.* at 810–11; *see also Aguilar v. RP MRP Wash. Harbour, LLC*, 98 A.3d 979, 984 (D.C. 2014) (reiterating the requirement that the defendant have either an obligation to care for the plaintiff's emotional well-being or a relationship to plaintiff that necessarily implicates their emotional well-being). Take *Hedgepeth*, where the defendant doctor undertook the task of diagnosing the plaintiff patient's HIV status and could likely foresee that a misdiagnosis as HIV positive would cause serious emotional distress. *Id.* at 802. That was sufficient to create a duty to care for the patient's emotional well-being. *Id.* at 820. In contrast, Hadjiev makes no mention of a special relationship that exists between himself and the FBI that would give rise to such a duty. Nor does he describe his alleged emotional distress or provide allegations that plausibly infer that lack of adequate records would likely cause it. Therefore, without an adequate duty of care, Hadjiev cannot assert a claim for any emotional damages that resulted from the alleged harm.

### III. Specific Private Analogs

Outside of making a general claim for economic and emotional damages, Hadjiev provides specific examples of private analogs that he claims are like the FBI's administrative responsibilities. Hadjiev offers examples of professionals who collect and handle documents, including auditors and internal investigators, and he maintains that they can be held liable for negligently mishandling documents. In this way, they satisfy the private analog requirement.

Hadjiev does not supply case law demonstrating that these professionals can be held liable for negligent undertaking, and precedent shows only negligence based on industry-specific standards. For example, auditors have a duty to exercise appropriate care and competence under the industry-exclusive Generally Accepted Auditing Standards and Principles and under any contractual obligations. *See The Plan Comm. v. PricewaterhouseCoopers, LLP*, 335 B.R. 234, 247–48 (D.D.C. 2005). Attorneys are other professionals who take responsibility for client documents, and claims of negligent mishandling are based on violations of the rules of professional conduct. *See, e.g.*, *In re Dailey*, 230 A.3d 902, 913 (D.C. 2020) (finding that defendant attorney's failure to keep adequate records violated Rule 1.15(a) of the Rules of Professional Conduct); *In re Johnson*, 321 A.3d 642, 649 (D.C. 2024) (analyzing the attorney's allegedly reckless misappropriation based on the Rules of Professional

Conduct's definition of misappropriation). Since a negligent undertaking tort is governed by common law, these circumstances based on professional standards cannot serve as the private analog for Hadjiev's claim.

Instead of professional standards, FBI employees' handling of submissions and agency records is governed by the Federal Records Act.[2] *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 147–50 (1980); *see Armstrong v. Bush*, 924 F.2d 282, 284–85 (D.C. Cir. 1991) (describing the Act's statutory framework). A federal statutory violation cannot supply the underlying tort for FTCA liability. *See Clark v. United States*, 326 F.3d 911, 914 (7th Cir. 2003). Indeed, other courts have indicated that the federal government's administrative responsibilities may not have a private state analog. *See, e.g.*, *Andela v. Admin. Off. of U.S. Cts.*, 569 F. App'x 80, 84 (3rd Cir. 2014) (holding that the Equal Employment Opportunity Commission's duty to process employment discrimination claims does not have a state analog); *Irwin v. Miami-Dade Cnty. Pub. Schs.*, 398 F. App'x 503, 511 (11th Cir. 2010) (same). Without an underlying state tort, Hadjiev's FTCA claim fails.

Although dismissal is proper under Rule 12(b)(6) for failure to state a claim, the elements of an FTCA claim are jurisdictional. *Brownback v. King*, 592 U.S. 209, 217–18 & 218 n.8 (2021). If a plaintiff fails to allege an underlying state tort, sovereign immunity remains intact, and federal courts lack subject matter jurisdiction. *Id.* Here, dismissal is proper on both the merits and for lack of jurisdiction. *Bourke v. United States*, 25 F.4th 486, 490 (7th Cir. 2022).

**Conclusion**

For the reasons stated above, the government's motion to dismiss [15] is granted. Hadjiev fails to state a plausible FTCA claim because he did not provide an underlying private analog that would give rise to liability under D.C. tort law. The government is entitled to sovereign immunity, so the Court lacks jurisdiction. Accordingly, the Court dismisses the Complaint under Rules 12(b)(1) and 12(b)(6) without prejudice.

**SO ORDERED.**

Dated: August 21, 2026

Sunil R. Harjani
United States District Judge

[2] Hadjiev expressly denies asserting a claim under the Federal Records Act or other federal statute.